UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

DUNYA HOLDINGS LIMITED;                          CASE NO.:  16-5713
NATIONAL COMMUNICATIONS SERVICES
(SMC-PVT.) LIMITED; and NATIONAL
COMMUNICATIONS SERVICES INC.                     COMPLAINT

              Plaintiffs,


          vs.


JADOOTV INC., SAJID SOHAIL and JOHN DOES 1-20


              Defendants.

———————————————————————X


Plaintiff DUNYA HOLDINGS LIMITED ("DUNYA"), NATIONAL

COMMUNICATIONS SERVICES (SMC-PVT.) LIMITED ("NATIONAL PAKISTAN") and

NATIONAL COMMUNICATIONS SERVICES INC. ("NATIONAL USA" and with

"DUNYA" and "NATIONAL PAKISTAN", collectively referred to herein as "Plaintiff"),

bring these claims against JADOOTV INC. ("JADOO"), SAJID SOHAIL ("SAJID") and

JOHN DOES 1-20 (collectively the "Defendants") as follows:


## NATURE OF THE ACTION

1.      Plaintiff seeks injunctive relief, declaratory relief and damages pursuant to

Sections 32, 35 and 43 of the Lanham Act (15 U.S.C. §§ 1114, 1117, and 1125; Section 360-1 of

the New York General Business Law, and the common law of the State of New York; and, Title

17 of the US Copyright Act, 17 U.S.C. §§ 101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121); and 28 U.S.C. §§ 1331, 1332(a) and 1338; and the US Copyright Act, 17 U.S.C. §§ 101 *et seq.,* and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c), because Defendants are subject to personal jurisdiction within this judicial district; a substantial part of the events or omissions giving rise to these claims occurred within this judicial district; and/or, Defendants are doing business in this judicial district and may be found in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1400, in that either Defendants or their agents may be found in this judicial district.  Moreover, the Defendants were aware, or should have been aware, that their infringing conduct would cause injury in New York and to residents and/or Plaintiff in New York.

4.      Personal jurisdiction  is also conveyed over the Defendants since each is engaged in substantial business and/or has committed tortuous acts and/or solicits business within this Judicial District; specifically, but without limitation, each  Defendant operates and maintains business activities which market, promote, offer for sale, offer for broadcast, and  attempt to, broadcast, distribute and transmit, entertainment and media content bearing federally trademarked logos to which Plaintiff has the exclusive rights in the United States and North America, and within this Judicial District.

5.      Defendants voluntarily and knowingly accessed and placed, without authorization from Plaintiff. Pakistani and South Asian media and entertainment content which Plaintiff owns exclusively, produces and distributes, with trademarks and logos, many of which have been federally trademarked with logos and with registered copyrights, to which Plaintiff owns the

exclusive rights (Plaintiff's "Content") into the stream of interstate commerce in the United States, conscious that New York and this Judicial District was the likely destination of a substantial quantity of such content.

6.      Defendants regularly solicit business or engage in a persistent course of conduct in this judicial district.  Defendants have directed a substantial electronic and digital activity into New York with the manifest intent of doing business here, including, but not limited to, distributing and streaming to New York residents unauthorized infringing copies of Plaintiff's Content.

7.      Each of the Defendants have also facilitated and encouraged the infringement of Plaintiff's Content in this judicial district by users residing in New York.  Defendants operate an interactive service that encourages and allows New York residents to purchase "JADOO TV" Set Top Boxes ("JADOO TV Box") and Mobile Telephone Applications ("Apps") which enable viewers to stream and watch, amongst other programs, illegal copies of Plaintiff's Content. Defendants, moreover, have caused harm to Plaintiff in New York, where potential purchasers of Plaintiff's Content are thereby diverted from legitimate transactions and from viewing Plaintiff's Content on legitimate Television Channels.

8.      Furthermore, Defendants have facilitated agreements with resellers in New York and third parties for the purchase of the "JADOOTV Entertainment Platform" [hereinafter described], thereby naturally allowing Plaintiff to lose those potential clients for *authorized* viewing of Plaintiff's Content.

9.      Defendants have purposefully availed themselves of the privilege of conducting business activities in this State and judicial district.

10.     The JADOOTV website, lists their "local resellers" in all states, and for the State of New York, has listed three (3) "MASTER Distributer[s]" for advertising, promoting and selling the JADOOTV Entertainment Platform; and, has listed 37 local New York stores distributing and advertising the JADOOTV Entertainment Platform.[1]  Therefore Defendants depend on a significant amount of their sales, marketing, distribution and income from New York and from this judicial district.

11.     Under information and belief, Defendants voluntarily and intentionally created and placed unauthorized infringing copies of Plaintiff's Content on their JADOOTV Entertainment Platform and into the stream of interstate commerce in the United States conscious that over twenty (20%) percent of all Pakistani Americans residing in the United States, live in the New York Tri-State area and that New York and this judicial district is the likely destination of a substantial quantity of the infringing copies of Plaintiff's Content distributed by Defendants. Defendants solicit New York residents through the unauthorized and infringing use of Plaintiff's marks, logo, and artwork.

12.     Defendants have also committed infringing acts outside of New York causing injury to Plaintiff in New York and Defendants regularly do or solicit business in New York, and/or derive substantial revenue from goods used or services rendered in New York, and/or expect or reasonably should expect their infringing conduct to have consequences in New York, and Defendants derive substantial revenue from interstate commerce.

---

[1] http://jadootv.com/reseller-details/?country_id=16

13.     Defendants' website solicits business and fees from and directs advertising to residents of New York and other states and requires that users provide personal information to Defendants' website.

14.     Defendants are aware that the New York Metropolitan area and specifically the counties in and around New York City contain a high population of Pakistanis, Indians and other South Asians who are intentionally solicited by Defendants to increase sales of the JADOOTV Entertainment Platform and consequently, Defendants' advertising revenue.

15.  Defendants are also aware, having been warned by Plaintiff and having investigated and being familiar with Plaintiff's ownership and licensing of Plaintiff's Content, that Plaintiff is doing business in this judicial District.

16.  Based upon the foregoing, Plaintiff is informed and avers that Defendants knew that their activities in streaming and otherwise distributing unauthorized copies of Plaintiff's Content and/or facilitating and soliciting the unauthorized publication, distribution and streaming of Plaintiff's Content would have adverse financial consequences on Plaintiff within this judicial District.

## THE PARTIES

17.     Plaintiff DUNYA HOLDINGS LIMITED is a company incorporated under the laws of the British Virgin Islands with a principal place of business at 8/A Abbott Road, Lahore, Pakistan.

18.     Plaintiff NATIONAL COMMUNICATIONS SERVICES (SMC-PVT.) LIMITED, is a company formed under the laws of Pakistan with its principal place of business at 8/A Abbott Road, Lahore, Pakistan.

19.     Plaintiff NATIONAL COMMUNICATIONS SERVICES INC. is a company formed under the laws of the State of New York, with its principal place of business at 77-16 164th St, Suite-202, Fresh Meadows, NY 11366

20.     Upon information and belief Defendant JADOOTV, Inc., is the operator of the internet web site "www.jadootv.com", and at all times herein mentioned has been, a corporation formed and/or existing under the laws of the State of California, with a principal place of business at 5653 Stoneridge Drive, Suite 108, Pleasant, CA 94588.

21.     Upon information and belief defendant SAJID SOHAIL is a resident of the State of California, and was and at all times herein mentioned, the CEO of JADOOTV and conducting business out of the offices of JADOOTV and, was and at all times relevant herein, is employed, owns, operates, supervises and/or personally directs the operation of, and personally derives economic benefit from, the business of JADOOTV including the unauthorized display, access, streaming and transmission of DUNYA TV Content to residents of the State of New York and others.

22.     Upon information and belief, SAJID determines, authorizes and directs the activities of JADOOTV, including, without limitation, the activities infringing Plaintiff's CONTENT to residents of the State of New York and others.

23.     Upon information and belief SAJID is the alter ego of JADOOTV and personally conceived and created the JADOOTV Entertainment Platform, and personally determined to offer, and selected and/or created the programming and infringing business model to offer,

content infringing Plaintiff's exclusive rights and which have resulted in the unauthorized display, access, streaming and transmission of DUNYA TV Content, through the JADOOTV Entertainment Platform to, residents in the State of New York and others.

24.      Upon information and belief, Defendants transact business throughout the world including in the United States and specifically with customers located in and around this Judicial District.

25.      Plaintiff has for some time been the victim of media pirates.  These "pirates" either unlawfully sell or distribute media entertainment content and other content, which includes Content owned exclusively by Plaintiff, in the United States and globally.  While the identity of some of these "pirates" may be known to the Plaintiff and are named herein as Defendants in this action, others are unknown to the Plaintiff and are referred to herein as "John Doe".

26.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as John Does 1 through 20, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names (the "Doe Defendants").  If necessary, Plaintiff will seek leave of Court to amend this Complaint to state the Doe Defendants' true names and capacities when the same have been ascertained.  Plaintiff is informed and believes, and on that basis avers, that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts and omissions herein set forth; in that, they and each of them have, owned, operated and/or supervised the operation of, and/or derived financial benefit from the activities that infringe Plaintiff's copyrights and exclusive rights under registered copyright and trademark rights, as alleged herein.

## BACKGROUND AND FACTS

27.    The acts complained of herein have arisen out of the same common scheme or plan to violate the Plaintiff's rights, or the same transaction, occurrence, or series of transactions or occurrences, and there are questions of law and fact common to all Defendants, which will arise in this action.

28.     This is a straightforward case of knowing and willful copyright infringement and violation of the Lanham Act, involving the unauthorized distribution of Plaintiff's Content; illegal access and transmission of Plaintiff's Content to distribute said Content and entertainment content via an IPTV platform in the United States and other countries; the  unauthorized display of the federally registered trade names and trademarks associated with the said Plaintiff's Content and entertainment content to which Plaintiff has exclusive rights; and, which Content with trade names and trademarks are being flagrantly distributed and displayed to the public by Defendants notwithstanding Plaintiff's and other content owners' repeated written and verbal requests and direct warnings to the DEFENDANTS to cease such illegal conduct and activities.

## PLAINTIFF/DUNYA TV'S BUSINESS

29.     Plaintiff is engaged in the media and entertainment business; Plaintiff's Content is produced in Pakistan, with trade names and trademarks associated with said Content and is distributed globally; NATIONAL USA is the exclusive distributor of the DUNYA TV Content in the United States (as described below).

30.  The DUNYA TV Content comprises the "DUNYA" premium linear cable and satellite television programming channels, including internet web based information and entertainment, which includes:  News from Pakistan and the World; Business; Sports; Entertainment; Crime and Technology;  and other variety shows, primarily related and focused

on an Urdu language/English language audience, and is one of the largest and most reputable providers of entertainment and news for the Pakistani and other South Asian community ("DUNYA TV Content").[2]

31.      At all times relevant herein, Plaintiff NATIONAL PAKISTAN has been either, the original copyright owner and/or, the "assignee" of the copyrights to the DUNYA TV Content from DUNYA and still is the owner of the copyrights and/or exclusive license rights to the DUNYA TV Content; some of which has been registered with the United States Copyright Office under the U.S. Copyright Act, to the DUNYA TV Content. A list of some of the works registered with the U.S. Copyright Office is annexed hereto as **Exhibit "A"**. ("Copyrighted Works").

 32.      At all times relevant herein, Plaintiff NATIONAL PAKISTAN has been and still is the owner of Plaintiff's  trademarks and logos, which have been registered with the United States Patent and Trademark Office (collectively, Plaintiff's Registered Marks"). A list of Plaintiff's Registered Marks is annexed hereto as **Exhibit "B"**.

33.    Plaintiff has at all times acted properly within the laws of the United States, and Pakistan when obtaining/producing its Content and distributing DUNYA TV Content in the United States, Pakistan and throughout the World.

34.    Plaintiff has at all times carefully conducted itself in order to build an excellent reputation among producers and distributors of South Asian media, as well as consumers of the South Asian community, for producing a superior product, and for credibility and honesty in its business dealings and for distributing only content which it has produced or to which it owns the rights to distribute, and, as a result of its efforts, has been successful in doing so.  Such excellent reputation and goodwill are invaluable to Plaintiff.

---

[2] http://dunyanews.tv

35.   Plaintiff's Content has been produced and copyrighted in full compliance with the laws of Pakistan and the U.S. Copyright Act and the copyright laws of the country of the United States of America.

36.   Plaintiff's Registered Marks have been registered in full compliance with the Lanham Act and, Plaintiff has for a number of years, been distributing the DUNYA TV Content in Pakistan, the United States and throughout the World, with its Registered Marks and trade-names and trademarks and logos displayed thereon.

37.   Plaintiff has continuously and uninterruptedly used and now uses the Registered Marks, trade names and marks to identify and distinguish Plaintiff's DUNYA TV Content,  by including and attaching said trade names and marks to products, printed upon the packaging and artwork in which the DUNYA TV Content  is contained, and used in PLAINTIFF'S advertising and catalog and, on Plaintiff's website (http://dunyanews.tv) in connection with the distribution of the DUNYA TV Content and related products.

38.   Plaintiff has for a number of years, been exhibiting and distributing media content in the English and Urdu languages in the United States and throughout the World, with Plaintiff's Registered Marks and trade name displayed thereon, in digital format over the internet and other formats.

39.   The "DUNYA" trade name and stylized logos are well known and distinguished in the South Asian and Pakistani communities in the United States, Canada, and the World; and are strongly associated with Plaintiff's business and distribution of programs and channels, so that the DUNYA TV Content is simply known and referred to as "DUNYA" or "DUNYA TV" throughout these communities.

40.   Plaintiff has throughout its experience in the entertainment and news industry, been committed to and engaged in the production of high quality content and services, and has developed a correspondingly high reputation in the South Asian communities throughout the World.  Plaintiff is anxious to preserve and protect its accomplishments and reputation and the corresponding value of Plaintiff's Registered Marks and trade names and logos.

41.  The Plaintiff has complied with all statutory formalities required by the U.S. Copyright Act to register the copyrights in and to Plaintiff's Content.

42.     The Plaintiff has complied with all statutory formalities required by the Lanham Act to register and maintain the validity of the exclusive rights in and to Plaintiff's Registered Marks.

43.     Plaintiff NATIONAL USA holds the sole and exclusive rights to distribute Plaintiff's Content in the U.S.A., which rights include the right to take such steps as Plaintiff may deem necessary or appropriate by action at law or otherwise, in its own name or in the name of the original copyright holder, to prevent any unauthorized reproductions, compilations, exhibition or distribution of Plaintiff's Content, any infringement of the copyrights of Plaintiff's Content, or any impairment of or encumbrance on the rights owned by Plaintiff in and to Plaintiff's Registered Marks and Plaintiff's Content.  Plaintiff is thereby entitled to copyright protection under Sections 104, 201 and 501 of Title 17 of the United States Code and in all countries that are parties to the Berne Convention.

## JADOOTV'S BUSINESS

44.     The theft of copyrighted television series/serials, visual and audio content such as on the Internet has reached epidemic proportions.  Defendants known participants in this problem.

45.     Defendants have built, maintain, and control an IPTV and/or OTT platform with the brand name "JADOOTV" which Defendants have designed and knowingly, willfully and intentionally operate to facilitate the access and transmission of South Asian media entertainment content to the public in the United States and other countries (the "JADOOTV Platform").

46.     The internet web site uses their brand name www.jadootv.com, which Defendants designed and knowingly, willfully and intentionally operate to facilitate sales and distribution of various versions of a device called "JADOOTV" which is a Set Top Box (and more recently, an "App"), which connects to the internet and one's home TV to allow access to various channels and video and audio content, thus enabling people to watch and stream channels including unauthorized streaming of DUNYATV Content without Plaintiff's authorization, and, without Plaintiff's authorization, to facilitate the sale and/or distribution of Plaintiff's Content  by third parties through Defendants' website, Set Top Box, and App.

47.     Through the unauthorized resale of Plaintiff's Content with the Registered Marks appearing on such Content, it misleads the public into believing that they are receiving products distributed and sold with Plaintiff's authorization.

48.     The intentional infringement of Plaintiff's copyrights, for Defendants' own illegal financial gain, is knowingly and intentionally perpetrated by Defendants from the JADOOTV Platform.

49.     Defendants have managed to, and continue to, illegally access the Content, and thereby transmit the Plaintiff's Content illegally for consumer/public viewing by subscribers of the JADOOTV Platform.

50.     Defendants' infringing activities are being conducted notwithstanding repeated verbal and written demands by and on behalf of Plaintiff.

51.     Defendants' infringing activities misleads the public into believing that they are purchasing DUNYA TV programs and viewing DUNYA TV CONTENT in a manner authorized by Plaintiff.

## THE PARTIES' PAST RELATIONSHIP

52.     The infringing activities by the Defendants is intentional because Defendants know that they could readily operate their respective businesses and Platform legally, because the parties had once entered into a license agreement effective October 23, 2011 ("License").

53.     Plaintiff issued a notice of termination of the License in 2012 for breach of contract. Defendants at first rejected the Notice of Termination, but eventually, Defendant SAJID assured Plaintiff that Defendants had 'stopped' the stream in the U.S.A. of Plaintiff's Content. Copies of the Plaintiff's initial notice of termination (**Exhibit "C"**); the Defendants' rejection letters (**Exhibit "D"**); and SAJID's response email assuring Plaintiff that Defendants had 'stopped' streaming Plaintiff's Content (**Exhibit "E "**) are annexed hereto.  Upon information and belief, for some time thereafter, Defendants discontinued streaming Plaintiff's Content.

54.   However, once some time  had passed since the initial termination notices, and notwithstanding SAJID's prior assurances that they had stopped streaming Plaintiff's Content, when another organization to which Plaintiff NATONAL USA is a member, "IBCAP"[3] observed multiple infringements by Defendants of many media content providers/members of IBCAP, [including but not limited to, infringement of Plantiff's Content], and IBCAP notified Defendants of their infringing activities on behalf of its members/multiple content providers in the South Asian community, Defendants responded to IBCAP by [falsely] asserting their right to

stream Plaintiff's Content. A copy of Defendants' correspondence with IBCAP is annexed hereto as **Exhibit "F"**.

55.    After numerous requests by Plaintiff to cease Defendants' infringing activities, in November, 2015, an attorney notice was sent to Defendants via Federal Express, to which no response was received. A copy of said notice dated November 24, 2015, is annexed hereto as **Exhibit "G"**.

56.    After no response was received from Defendants, and Defendants continued to illegally stream Plaintiff's Content, a second notice/letter was sent in January, 2016 by the attorneys for Plaintiff. Again, no response was received to the January notice from Defendants and said notice letter was not returned by Federal Express as 'undeliverable'. A copy of the January 12, 2016 Notice/Letter is annexed hereto as **Exhibit "H"**.

57.    Defendants know that they are infringing Plaintiff's copyrights and causing Plaintiff financial harm; and, they intentionally encourage and contribute to internet "media piracy".  Defendants could readily operate their jadootv.com web site and conduct its media business legally – but choose not to.  They choose not to because they profit handsomely, at Plaintiff's and others' expense, from the sale of their JADOOTV Platform to unsuspecting members of the public, including residents of New York State, and from advertising revenue that is earned based on the number of customers who purchase the JADOOTV Platform to illegally stream content, with Channels who have not all provided consent; Defendants should not be allowed to do so.

58.    Defendants know that their infringing activities are creating a serious loss of credibility for Plaintiff in the Pakistani and South Asian media and entertainment industry in the

---

[3] The International Broadcaster Coalition Against Piracy ("IBCAP") is an alliance of leading international broadcasters organized to prevent unauthorized streaming and illegal distribution of international

U.S.A. and worldwide, but they refuse to cease such infringing activities notwithstanding repeated requests and demands.

59.     Defendants' infringing activities are built on an infringement-driven business by exploiting the popularity of the Plaintiff's Content amongst thousands of potential customers of said Content.

60.     Upon information and belief, Defendants derive opportunities for advertising revenues directly attributable to the infringing activities; as well as added viewership and interest.  The public draw to view the unauthorized streaming/transmission of Plaintiff's Content already has, and will continue to, contribute to the growth of the Defendants' business and business potential; and, will simultaneously destroy Plaintiff's business and Plaintiff's business potential.

61.     The Defendants' infringing activities involves the knowing, intentional and unauthorized access, transmission and distribution by the Defendants of Plaintiff's Content, and which unauthorized transmission of channels and programs have been distributed by Defendants through and/or facilitated by Defendants' Platform and web site in violation of Plaintiff's exclusive rights to content including exclusive rights to the use of the Registered Marks.

## JADOOTV'S ILLEGAL ACTS TRADEMARK INFRINGEMENT

62.     The Defendants have had constructive notice of the Registered Marks since the date(s) of their registration (**Exhibit "B"**).

63.     The Defendants have had actual notice of the trademarks, trade names and logos since Defendants first entered into the License with Plaintiff.

television content in the United States.  https://ibcap.us/

64.     The Defendants have also had notice of Plaintiff's trademarks and logos since the time Plaintiff produced and distributed media content with said trademarks and logos.

65.     Upon information and belief, Defendants have advertised, offered for sale and sold/distributed programs and channels bearing the Registered Marks in interstate commerce for Defendants' own commercial gain. Annexed hereto as **Exhibit "I"** are copies of 'snap shots' of programs streamed by Defendants and offering of DUNYA TV Content from the JADOOTV Web Page/Site.

66.     Defendants' conduct is willful, wonton, malicious, with full knowledge of Plaintiff's rights, and will continue after service of this complaint unless enjoined by the Court.

67.     Defendants' acts and conduct are causing, and, unless restrained by this Court, will continue to cause, irreparable harm to Plaintiff, which cannot be adequately compensated by money damages. Defendants' conduct deprives Plaintiff of its ability to exploit the unique intellectual property represented by the DUNYATV Content and the Registered Marks.

68.     At all times relevant hereto, Defendants have had  actual knowledge of Plaintiff's exclusive rights to exploit the DUNYA TV Content and Registered Marks including its exclusive rights to exploit the DUNYA TV Content and Registered Marks in the U.S.A.

69.     Plaintiff  has expended large sums of money in advertising the Registered Marks and the "DUNYA TV" name, in the State of New York and throughout the United States and, the entertainment industry and general public have identified the Registered Marks and the trade name, "DUNYA TV", with DUNYA TV Content; not only by reason of the fact that the Registered Marks have been and are applied to the labels, artwork and packaging of DUNYA TV Content, but also by reason of the fact that the Registered Marks and the "DUNYA TV" trade name have been and are used by Plaintiff in its advertising literature and circulars and on

Plaintiff's website relating to DUNYA TV Content, and by its authorized affiliates and licensees, which include some of the largest ISP/multi-video programming distributors in the territory (e.g., DISH/DISH TV).

## JADOOTV'S ILLEGAL ACTS COPYRIGHT INFRINGEMENT

70.    The Defendants enable streaming and distribution of infringing copies of DUNYATV Content are transmitted by or through the JADOO TV Platform/Set Top Boxes/Apps, and can be and have been marketed, advertised and sold to, members of the public in New York from Defendants' website. Defendants "stream" DUNYATV Content through their JADOOTV Platform; purchasers of JADOOTV, many members of the public of New York and elsewhere, are able to stream, view, watch and play unauthorized selection of DUNYA TV Content and which results in the distribution of individually selected infringing copies of Plaintiff's copyrighted works. Defendants charge their customers for purchasing the services/viewing accessibility of the JADOOTV Platform and claims to:

> "provide Entertainment via internet on your TV.  JadooTV is committed to Delivering Live and On-Demand content right to your television via a broadband internet connection (minimum download speed of 2 Mbps is required).  Instantly enjoy hundreds of HD quality channels, thousands of hours of On-Demand movies & TV shows at the click of your remote!"[4]

71.    Defendants profit directly from the streaming of infringing copies of Plaintiff's Copyrighted Works by advertising and selling the JADOOTV Platform to unsuspecting members of the public, and receive financial benefits directly attributable to the Defendants' infringing activity from the JADOOTV Platform. Customers who purchase the JADOOTV Platform

---

[4] http://jadootv.com/about-us/ Indeed, customers of JADOO TV are unaware that the JADOOTV Platform is illegally allowing steaming of many Channels such as, DUNYA TV Content.  Defendants' infringing conduct in New York and other states misleads consumers and puts money in Defendants' pockets in a variety of ways.

directly encourage and facilitate the infringing of Plaintiff's Copyrighted Works. Defendants have built an infringement-driven business by exploiting the popularity of DUNYA TV Content (and the works of other copyright owners) to draw hundreds of thousands of users to purchase the JADOOTV Platform.

72.     The offering of infringing copies of DUNYA TV Content, and the unauthorized streaming of Plaintiff's Copyrighted Works also draws users to purchase the JADOOTV Platform in the first instance, and Defendants' then derive additional advertising revenue when those users search for and stream DUNYA TV Content through the JADOOTV box.  In either event, there is a direct causal connection between the presence of infringing copies of Plaintiff's Copyrighted Works and Defendants' income from JADOOTV Platform users.  The draw of infringing copies of Plaintiff's Copyrighted Works contributed to the growth of Defendants' JADOOTV Platform, resulting in an increase in the valuation of Defendants' business.  Thus, Defendants' infringing activities contribute substantially to the value of Defendants' business.

73.     Defendants' access, transmission, resale and distribution of DUNYA TV Content is wholly without any authorization or consent from Plaintiff.

74.     Upon information and belief, Defendants are accessing, transmitting, marketing and distributing, DUNYA TV Content for their own commercial gain.

75.     Defendants' conduct is willful, wonton, malicious, with full knowledge of Plaintiff's rights, and will continue after service of this complaint unless enjoined.

76.     Defendants' acts are causing, and, unless retrained by this Court, will continue to cause, irreparable harm to Plaintiff, which cannot be adequately compensated by money damages. Defendants' conduct deprives Plaintiff of its ability to exploit the unique intellectual property represented by the DUNYA TV Content. Therefore, Plaintiff seeks a preliminary

injunction and permanent injunction prohibiting Defendants from infringing the DUNYA TV Content in any medium or form.

77.     At all times relevant hereto, Defendants have had actual knowledge of Plaintiff's exclusive rights and under copyright including Plaintiff's right to exploit the copyrighted works in the United States

78.     In addition to paying valuable consideration for the production of Plaintiff's Copyrighted Works, as alleged above, Plaintiff has expended its financial resources in its exploitation of Plaintiff's Copyrighted Works, including, *inter alia*, for marketing Plaintiff's Copyrighted Works, as well as in producing, promoting, advertising, and distributing Plaintiff's Copyrighted Works.

79.     Plaintiff has expended large sums of money in advertising Plaintiff's Content , in the State of New York and throughout the United States and the World, and the entertainment industry and general public have identified Plaintiff's Registered Marks and Plaintiff's trade name, with Plaintiff's Copyrighted Works, not only by reason of the fact that Plaintiff's Registered Marks and Plaintiff's trade name have been and are applied to the labels, artwork and TV Content of the Plaintiff, but also by reason of the fact that Plaintiff's Registered Marks and Plaintiff's trade name have been and are used by Plaintiff in its advertising literature and circulars and on Plaintiff's website relating to Plaintiff's Copyrighted Works.

80.     The piracy of Plaintiff's Copyrighted Works and Plaintiff's Registered Marks is spreading due to JADOOTV.  Internet "Piracy" has damaged and will continue to damage Plaintiff's ability to do business because legitimate distributors will have no incentive to distribute authorized copies of Plaintiff's Copyrighted Works and other of Plaintiff's products if they know the consumers are accessing and/or streaming counterfeit copies of the same products.

81.     Defendants have, from time to time, and for at least the past three years defied Plaintiff, with assurances of stopping their stream and then gradually reappearing with Plaintiff's Content; after certain warnings, Defendants cease their infringing activities and instead focus their energies on pirating from other media content owners, and once time has passed, again reappear with unauthorized content belonging to Plaintiff.

82.     The natural and foreseeable result of the Defendants' wrongful conduct has been and will be to deprive the Plaintiff of the benefits of distributing DUNYATV Content and Plaintiff's copyrighted products based on Plaintiff's Copyrighted Works and to deprive the Plaintiff of relations with present and prospective customers and to damage the good will of Plaintiff's copyrighted content.  In addition, the illegal, unauthorized practices of Defendants set forth herein deprives Plaintiff's legitimate distributors and exhibitors in the United States, Pakistan, India  and throughout the World of their share of the market and damages Plaintiff's good will with them.

83.     Plaintiff has lost and will continue to lose substantial revenues as a result of Defendants' wrongful conduct.

84.     As a direct and proximate result of the Defendants' acts as alleged above, Plaintiff has already suffered irreparable damage and has sustained lost profits.  The Plaintiff will continue to suffer irreparable damage and sustain lost profits until the Defendants' wrongful actions as alleged in this complaint are enjoined by this Court.

85.     Unless permanently enjoined by this Court, the Defendants will continue their course of conduct and wrongfully use, infringe upon, sell and otherwise unjustly profit from the DUNYA TV Content/ Plaintiff's Copyrighted Works in derogation of the Plaintiff's exclusive rights therein.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Pursuant To 15 U.S.C. § 1114**
**and 15 U.S.C. § 1125(a))**

86.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 85, as if set forth fully herein.

87.     Plaintiff owns the exclusive rights to the Registered Marks for the purpose of effecting the distribution and the protection/ enforcement of said rights against infringers of the DUNYA TV Content.

88.     Upon information and belief, since 2012, Defendants have used the Plaintiff's Registered Marks in interstate commerce in connection with advertising, marketing, promotion, and distribution of DUNYA TV Content.

89.     Defendants were never authorized by Plaintiff to advertise, market, promote, offer for sale or sell programming under or in connection with DUNYA TV Content with the Registered Marks, after the Plaintiff terminated the License in 2012 (See, **Exhibit " C "**).

90.     Defendants' unauthorized access, promotion, display, resale, transmission and use of DUNYA TV Content and the Registered Marks is likely to confuse, mislead and deceive members of the public as to the origin of the DUNYA TV Content and Plaintiff's goods and services, or cause the pubic to believe that Defendants are authorized distributors of DUNYA TV Content.

91.     Defendants' unauthorized use of the DUNYA TV Content and the Registered Marks in connection with their advertisement, marketing, promotion, offering for sale and distribution of DUNYA TV Content constitutes infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43of the Lanham Act, 15 U.S.C. § 1125(a), to the

substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

92.     Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

93.     As a direct and proximate result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights to exclusive use of the Registered Marks. Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution in Violation of the Lanham Act)

94.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 93, as if set forth fully herein.

95.     By virtue of the prominent and continuous use of the Registered Marks  in interstate commerce, Plaintiff's use of the Registered Marks has become distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

96.     Defendants' conduct dilutes the distinctive quality of the Registered Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

97.     Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

98.     As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue

to infringe upon the Registered Marks. Accordingly, the Court should enjoin and restrain Defendants from committing any further acts.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition And False Designation Of Origin 15 U.S.C. § 1125(a))

99.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 98, as if set forth fully herein.

100.   The DUNYA TV Content which Defendants are illegally accessing, transmitting and distributing, and/or displaying, falsely indicate that Defendant JADOOTV is authorized to access, transmit, distribute, and/or display the Dunya TV Content.

101.   Upon information and belief, Defendants have used and are continuing to use forms of false designations of origins and false descriptions which tend to falsely describe or represent such programs and have caused such programs and services to enter into commerce with full knowledge of the falsity of such designation of origin

102.   Defendants have and continue to misrepresent to members of the consuming public that the Dunya TV Content being transmitted and distributed publicly are programs being aired with the authorization of Plaintiff and are non-infringing.

103.   Defendants' advertising, promotion, marketing, offer for sale of the programs and channels bearing the Registered Marks is likely to confuse, mislead and deceive the public as to the origin, sponsorship or approval of Plaintiff's goods and services, or to cause the public to falsely believe that Defendants are authorized to advertise, market, promote, offer for sale and sell goods and service bearing the Registered Marks.

104.   Defendants' actions constitute unfair competition, false advertising, false designation of origin and/or false or misleading description of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

105.     Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

106.     As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's exclusive rights to Dunya TV Content in the territory. Accordingly, the Court should enjoin and restrain Defendants from committing any further acts.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement)**

107.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 106, as if set forth fully herein.

108.     Defendants' unauthorized use in interstate commerce of the Registered Marks  in connection with their advertisement, marketing, promotion, offering for sale, sale or distribution of DUNYA TV Content constitutes infringement under the common law of the State of New York as well as infringes upon Plaintiff's common law rights of exclusive use of the Registered Marks to the substantial and irreparable injury of the public and Plaintiff's business reputation and good will.

109.     Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

110.     As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue

to infringe Plaintiff's exclusive rights to the Registered Marks. Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

111.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 110, as if set forth fully herein.

112.     Defendants' actions as alleged herein were and are likely to deceive the consuming public and constitute unlawful, unfair and/or fraudulent business practices and unfair competition under the common law of the State of New York.

113.     Upon information, Defendants have used these unlawful, unfair and/or fraudulent business practices to deceive the consuming public and therefore constitute unlawful, unfair competition and/or fraudulent business practices in violation of the common law of the State of New York.

114.     Defendants' (1) unfair business practices; (2) unlawful business practices; (3) fraudulent business practices; (4) unfair, deceptive, untrue or misleading advertising; and/or (5) other acts in violation under the common law of the State of New York described above present a continuing threat to members of the public in that they are likely to be deceived as to the origin and quality of Dunya TV Content.

115.     Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

116.     As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue

to infringe Plaintiff's exclusive rights to exploit the Registered Marks and the DUNYA TV Content. Accordingly, the Court should enjoin and restrain Defendants from committing any further such acts.

## SIXTH CLAIM FOR RELIEF
### (Direct Copyright Infringement Pursuant To 17 U.S.C. § 501, et seq.)

117.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 116, as if set forth fully herein.

118.    Plaintiff is the exclusive rights holder of DUNYATV Content;  and, Plaintiff has the exclusive rights to broadcast, distribute, display and license certain premium television programming services in the United States.

119.    Plaintiff's exclusive rights are either, derived from the original producers of the content via written assignments (i.e. NATIONAL U.S.A. is the assignee of the exclusive rights for distribution in the U.S.A.), and/or, from the direct production of the DUNYA TV Content (Plaintiffs NATIONAL PAKISTAN and DUNYA).

120.    The DUNYA TV Content works/programs are recognized as copyrighted works in Pakistan and in the U.S.A., because Pakistan and the United States are parties to the Berne Convention and Treaty, the DUNYA TV Content is protected in the United States under the US Copyright Act, Title 17 of the United States Code.

121.    Defendants have infringed Plaintiff's exclusive rights under copyrights, including the rights of distribution, display and broadcast, in violations of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

122.    Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

123.     As a direct and proximate result of Defendants' foregoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe DUNYA TV Content. Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. 502.

124.     Each infringement by Defendants of Plaintiff's exclusive rights in and to DUNYA TV Content constitutes a separate and distinct act of infringement.  Plaintiff is informed and believes, and based thereon avers, that Defendants' acts of infringement were willful, intentional, purposeful, in disregard of and indifferent to the rights of Plaintiff.

125.     As a direct and proximate result of said infringement by Defendants, and each of them, Plaintiff is entitled to damages in an amount to be proven at trial, but which Plaintiff cannot presently ascertain or compute.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amount has been ascertained.

126.     By reason of all of the foregoing facts, Plaintiff also is entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, for each separate infringement.  In connection therewith, Plaintiff is entitled to an accounting of all gross proceeds received by Defendants, directly or indirectly, from all uses of their unlawfully distributed and infringing distribution of DUNYATV Content and request is hereby made that the Court order Defendants to render such an accounting of, and a constructive trust for the benefit of Plaintiff with respect to, such profits.

127.     Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 from each Defendant for each infringement of Plaintiff's

DUNYATV Content, for Defendants' willful infringement of Plaintiff's exclusive rights in DUNYA TV Content, or such other amounts as may be proper under 17 U.S.C. § 504(c).

128.    Plaintiff is further entitled to an award of its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

129.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in and to DUNYA TV Content.  Such infringement will, among other irreparable harm and damages, cause Plaintiff irreparable harm by damaging its goodwill and excellent reputation, and by destroying the market for Plaintiff's Content, causing Plaintiff to lose the benefits to which it is entitled based upon its ownership of the copyrights or exclusive rights under copyright in DUNYA TV Content and based upon Plaintiff's extensive investment of time, effort and money in, among other things, creating, purchasing and promoting  DUNYA TV Content.  Plaintiff is therefore entitled to injunctive relief as against Defendants, and each of them, from engaging in their wrongful acts, all as alleged herein.

**SEVENTH CLAIM FOR RELIEF**

**(Inducement And Contributory Infringement)**

130.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 129, as if set forth fully herein.

131.     Each of the Defendants has induced, caused, and/or materially contributed to unauthorized distribution of DUNYA TV Content by the other Defendants.

132.    Defendants' conduct constitutes contributory infringement of DUNYA TV Content.

133.    Defendants' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

134.    As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants' will continue to infringe Plaintiff's rights. Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. 502.

135.    Plaintiff is informed and believes, and based thereon avers, that Defendants have engaged in the business of systematically authorizing, aiding and abetting, and/or materially contributing to the distribution, within the United States, and throughout the World, of unauthorized streaming of  DUNYA TV Content.

136.    The aforesaid acts on the part of Defendants, and each of them, have induced, caused, and materially contributed to the other Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright in  DUNYA TV Content/.

137.    The acts of each of the Defendants complained of herein constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

138.    Plaintiff is informed and believes, and based thereon avers, that Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff.

139.    As a direct and proximate result of the contributory infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages in

an amount to be proven at trial, but which Plaintiff cannot presently ascertain or compute.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amount has been ascertained.

140.    By reason of all of the foregoing facts, Plaintiff also is entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, for each separate infringement.  In connection therewith, Plaintiff is entitled to an accounting of all gross proceeds received by Defendants, directly or indirectly, from all uses of their unlawfully distributed and infringing distribution of DUNYA TV Content, and request is hereby made that the Court order Defendants to render such an accounting of, and a constructive trust for the benefit of Plaintiff with respect to, such profits.

141.    Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 from each Defendant for each infringement of DUNYA TV Content, for Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright in  DUNYA TV Content, or such other amounts as may be proper under 17 U.S.C. § 504(c).

142.    Plaintiff is further entitled to an award of its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

143.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in and to DUNYA TV Content.  Such infringement will, among other irreparable harm and damages, cause Plaintiff irreparable harm by damaging its goodwill and excellent reputation, and

by destroying the market for DUNYA TV Content causing Plaintiff to lose the benefits to which it is entitled based upon its ownership of the copyrights and exclusive license rights under copyright in DUNYA TV Content, and based upon Plaintiff's extensive investment of time, effort and money in, among other things, creating, purchasing and promoting DUNYA TV Content. Plaintiff is therefore entitled to injunctive relief as against Defendants, and each of them, from engaging in their wrongful acts, all as alleged herein.

## NINTH CLAIM FOR RELIEF

### VICARIOUS INFRINGEMENT OF COPYRIGHT

**(By Plaintiff Against Defendants SAJID, and DOES 1 through 20, inclusive)**

144.    Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 143, inclusive.

145.    Plaintiff is informed and believes, and based thereon avers, that at all times herein mentioned, Defendants SAJID and Does 1 through 20, inclusive, and each of them, were in a position to supervise and/or control the conduct of JADOOTV and/or its officers, employees, agents, and other persons acting on behalf of JADOOTV, that Defendants SAJID and DOES 1 through 20, inclusive, and each of them, failed to exercise such supervision and/or control, and intentionally provided access to unauthorized programming via the JADOOTV Platform to direct users and resellers that they knew or had reason to know reproduced, displayed, accessed, and/or distributed and streamed, infringing copies of Plaintiff's Content, and that, as a direct and proximate cause of such failure, and such intentional programming, Defendants SAJID, and

DOES 1 through 20, inclusive, and each of them, have infringed Plaintiff's copyrights and exclusive license rights in and to the DUNYA TV Content as alleged above.

146.     Plaintiff is informed and believes, and based thereon avers, that at all times herein mentioned, Defendants SAJID and DOES 1 through 20, inclusive, and each of them, derived direct and substantial financial benefit from the infringements of Plaintiff's copyrights and exclusive license rights in DUNYA TV Content by JADOOTV and its officers, employees, agents, and other persons acting on behalf of JADOOTV as alleged above, in that, among other things, some or all of the profits that JADOOTV and its officers, employees, agents, and other persons acting on behalf of JADOOTV derived from such infringing conduct were conveyed to Defendants SAJID and DOES 1 through 20, inclusive, and each of them.

147.     Plaintiff is informed and believes, and based thereon avers, that the aforesaid acts on the part of Defendants SAJID and DOES 1 through 20, inclusive, and each of them, were willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

148.     By reason of all of the foregoing facts, Plaintiff also is entitled to said Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, for each separate infringement.  In connection therewith, Plaintiff is entitled to an accounting of all gross proceeds received by said Defendants, directly or indirectly, from all uses of their unlawfully distributed and infringing streaming of  DUNYA TV Content, and request is hereby made that the Court order said Defendants to render such an accounting of, and a constructive trust for the benefit of Plaintiff with respect to, such profits.

149.     Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 from each Defendant for each infringement of Plaintiff's Content, for said Defendants' willful infringement of Plaintiff's copyrights and exclusive rights

under copyright in  DUNYA TV Content, or such other amounts as may be proper under 17 U.S.C. § 504(c).

150.    Plaintiff is further entitled to an award of its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

151.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in and to  DUNYA TV Content.  Such infringement will, among other irreparable harm and damages, cause Plaintiff irreparable harm by damaging its goodwill and excellent reputation, and by destroying the market for DUNYATV Content, causing Plaintiff to lose the benefit to which it is entitled based upon its ownership of the copyrights and exclusive rights under copyright in DUNYA TV Content and based upon Plaintiffs' extensive investment of time, effort and money in, among other things, creating, purchasing and promoting DUNYA TV Content. Plaintiff is therefore entitled to the issuance of injunctive relief as against Defendants, and each of them, from engaging in their wrongful acts, all as alleged herein.

## TENTH CLAIM FOR RELIEF
## ANTI-DILUTION PURSUANT TO NEW YORK GBL § 360-1

152.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 151, as if set forth fully herein.

153.    Defendants' use of Plaintiff's Registered Marks in the conduct of trade constitutes unfair and deceptive practices in violation of Section 360-1 of New York State General Business Law.

154.     By reason of Defendants' actions, Plaintiff has been seriously and irreparably injured and, unless Defendants are restrained therefrom, Plaintiff will continue to be so damaged for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That judgment be entered for Plaintiff and against Defendants on each of Plaintiff's claims for relief;

2.     For a preliminary and permanent injunction that Defendants and their agents, servants, employees, attorneys and those acting in concert or participation with any of them:

     i.     Delete and disable access to DUNYATV Content including but without limitation, by deleting all copies of Dunya TV Content from any database, server, or other storage device owned or controlled by Defendants;

     ii.     Cease and refrain from accessing, transmitting, distributing, broadcasting and/or otherwise publicly displaying and/or infringing DUNYA TV Content;

     iii.     Refrain from using the Plaintiff's Registered Marks or any other confusingly similar mark in connection with the sale, advertisement, marketing or promotion of any goods or services or any other similar infringement of Plaintiff's exclusive rights to use their Registered Marks.

     iv.     Refrain from engaging in unfair competition by advertising, promoting, marketing, selling or offering for sale their goods and services and/or otherwise using Plaintiff's Registered Marks in such a way to mislead, deceive and/or confuse the origin of any of Plaintiff's programming services and the DUNYA TV Content;

      v.        Refrain from any conduct that tends to confuse, mislead and/or deceive members of the public into believing that the DUNYA TV Content accessed, transmitted, distributed, publicly displayed, and/or broadcasted by Defendants are sponsored, approved or authorized by Plaintiff;

      vi.      To recall and deliver up for destruction all advertising, promotional and/or marketing materials or other products that infringe Plaintiff's exclusive rights to the Registered Marks or Plaintiff's copyrights;

      vii.      To engage in corrective advertising to dispel the confusion caused by Defendants' wrongful acts; and

      viii.      Within thirty (30) days after service of an order from the Court be required to file with the Court and serve upon Plaintiff's attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs.

3.      For maximum statutory damages with respect to each copyrighted work and trademark infringed, or for such other amount as may be proper or, alternatively, at Plaintiff's election, full restitution, actual damages suffered as a result of the infringement, an equitable accounting and payment of all revenues and/or profits wrongfully derived by Defendants from their infringement, false designation of origin and/or unfair competition.

4.      Any and all damages sustained by Plaintiff resulting from Defendants' wrongful and infringing acts.

5.      For an accounting of, and the imposition of constructive trust with respect to, Defendants' proceeds and profits attributable to their infringements of Plaintiff's copyrights and exclusive rights under copyright.

6.      For Plaintiff's attorney's fees and full costs.

7.      That Plaintiff be awarded treble damages, enhanced, punitive and exemplary

damages against Defendants.

8.      That this case is exceptional pursuant to 15 U.S.C. §1117.

9.      That Plaintiff be awarded pre-judgment interest on its judgment.

10.     For such other and further relief as this Court deems just and proper.


Dated:  New York, New York
        October 13, 2016


                                                _S/Megha Bhouraskar_____
                                                Megha Bhouraskar, Esq.
                                                THE LAW OFFICES OF MEGHA
                                                D. BHOURASKAR, PC
                                                139 Fulton Street, Suite 902
                                                New York, New York 10038
                                                (212) 571-1770
                                                Attorney for Plaintiff